**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 21-21 |
| | ) | |
| JASON MORAN, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>MEMORANDUM ORDER</u>

On March 30, 2023, Defendant Jason Moran was sentenced to a term of 51 months' imprisonment and a three-year term of supervised release following his guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  (Docket No. 82). Defendant did not file a direct appeal of his conviction or sentence, nor has he filed any collateral proceeding attacking his conviction or sentence.

On June 29, 2023, Defendant filed a pro se Motion for Sentencing Transcripts, (Docket No. 83), in which he requests that he be provided with a copy of his sentencing hearing transcript at the Government's expense.  For the following reasons, Defendant's Motion will be denied.

Pursuant to 18 U.S.C. § 3006A(e)(1), a court shall authorize an indigent defendant to obtain services, including documents, for adequate representation only upon a finding that the services are necessary and that the defendant is financially unable to obtain them.  *See United States v. Raghunathan*, 288 F. App'x 2, 4 (3d Cir. 2008) ("Necessary transcripts are included within the 'services' authorized.").  The burden is on the defendant making the request to show necessity. *See United States v. Pitts*, 346 F. App'x 839, 841-42 (3d Cir. 2009) (the defendant has the burden of establishing necessity by "demonstrat[ing] with *specificity* the reasons why such services [or documents] are required") (citation omitted).

1

Here, Defendant broadly states that he needs his sentencing hearing transcript because he is preparing an appeal. (Docket No. 83). As stated, Defendant does not currently have an appeal pending, the time period for filing an appeal has long since passed and he has no collateral proceeding pending. In light of these circumstances, Defendant is not entitled to the sentencing hearing transcript he requests free of charge. *See United States v. Jackson,* 302 F. App'x 122, 123 (3d Cir. 2008) (citing *Walker v. United States*, 424 F.2d 278, 279 (5th Cir. 1970) ("A federal prisoner is not entitled to obtain copies of court records at Government expense for the purpose of searching the record for possible error.")); *Raghunathan*, 288 F. App'x at 4 (relevant statutes do not authorize the Government to pay for a transcript where no proceeding is pending); *United States v. Smith*, Crim. No. 04-309-2, 2010 WL 11534344, at *1 (W.D. Pa. Aug. 2, 2010) (Diamond, J.) ("[T]here is no basis for the court to grant a motion for transcripts when no proceeding of any kind is pending."); *United States v. Lane*, Crim. No. 16-185-2, Docket No. 435 (Dec. 21, 2018) (Fischer, J.) (denying defendant's request for sentencing transcript and other documents "free of charge" where no proceeding was pending). Accordingly, the Court enters the following Order:

AND NOW, this 30th day of June, 2023, IT IS HEREBY ORDERED that Defendant's Motion for Sentencing Transcripts, (Docket No. 83), is DENIED.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf: All counsel of record

       Jason Moran (via U.S. mail)
       Reg. No. 16260-509
       FCI Hazelton
       Federal Correctional Institution
       P.O. Box 5000
       Bruceton Mills, WV  26525